## A. I. Brown v. The State.

### No. 2471. Decided March, 1902.

**1.—Continuance—Absence of Statement of Facts—Practice on Appeal.**

The relevancy of an application for continuance can not be considered on appeal in the absence of a statement of facts.

**2.—Theft of Money—Evidence.**

On the trial for theft of money, where it appeared that the money stolen was in a purse, and that after defendant's arrest he handed the purse with the money in it back to the prosecutor, the owner; Held, the evidence was admissible, though the act of handing the purse to prosecutor was in connection with defendant's confession which had been excluded by the court.

**3.—Same.**

On a trial for theft of money, where it appeared that defendant had been arrested on suspicion of the theft and when charged with the theft by the prosecutor returned the money, with the request that the owner would not prosecute him, it was competent to prove by a witness that notwithstanding he did not hear what was said, he saw the prosecutor have money in his hand which he counted at the time.

Appeal from the District Court of Eastland. Tried below before Hon. N. R. Lindsey.

Appeal from a conviction of theft of over $50 in money; penalty, three years imprisonment in the penitentiary.

There is no statement of facts in the record.

*D. G. Hunt,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of the theft of over $50 in money, and his punishment assessed at confinement in the penitentiary for a term of three years.

The record is without a statement of facts. It is therefore unnecessary to consider the refusal of the application for continuance. Its relevancy, in the absence of the evidence, can not be determined.

The property was taken from A. J. Asher during the night. Asher, the alleged owner, while testifying, stated "that he got from defendant $55 in paper currency bills, while he and I were alone at Sipe Springs on the evening of October 25, 1901. This money consisted of one twenty-dollar, three ten-dollar, and one five-dollar bill." This witness recognized the money as his, etc. Defendant was under arrest, and handed the purse to Asher which contained this money. The bill further recites, "to which counsel for defendant excepted, for the reason that the act of defendant in handing the purse to Asher was a part of the confession which was by the court excluded." This would not constitute a ground of objection. The stolen money was in the purse at the time it was stolen, and was in it when returned to Asher, the owner of the purse and money. It is wholly immaterial whether appellant handed the money to Asher, or whether Asher took it from his person. It was in either event admissible.

Exception was also reserved to the testimony of Dunlap to the effect that he saw defendant and Asher standing together in the town of Sipe Springs; that Asher had some money in his hand, which he counted; that there was one twenty-dollar, three ten-dollar, and one five-dollar bill. Asher had a gun. Neither party said anything heard by the witness. The officer, Barnes, came while Asher had the money in his hand. Exception was reserved because what was said and done by Asher and appellant were but one inseparable act and transaction, and all such acts and words under the circumstances, would be inadmissible, because he was under duress, if not in actual custody. Concede that he was under actual arrest at the time; this testimony was admissible. It is the same matter stated above, which Asher testified in recovering the stolen money. Appellant had been arrested upon the belief that he had stolen the money, but it was not known to the parties that he had in fact stolen it until Asher charged him directly with it, and demanded the return of the money, which he did return, with the request that Asher should not prosecute. Under these circumstances, this testimony was admissible; and any bystander who witnessed the transaction and knew of the fact was a competent witness to detail and narrate the matters of which complaint is made. The bill reserved to the testimony of House is practically in the same condition.

There is some criticism of the charge of the court, but, taken as a

whole, it is correct, and, without prejudice, submits the theories and issues of the case. The court submitted the law applicable to felony and misdemeanor. The evidence is all to the effect that the money taken was $55, consisting of one twenty, one five, and three ten-dollar bills. They were all in a purse, which purse and money were recovered from defendant the next day.

The judgment is affirmed.

*Affirmed.*